PATRICK et al., Appellants,

v.

WERTMAN et al., Appellees.

[Cite as *Patrick v. Wertman* (1996), 113 Ohio App.3d 713.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13-96-13.

Decided Aug. 27, 1996.

George P. Smith, Jr., for appellants.

Isaac, Brant, Ledman & Teetor, David G. Jennings and Terri B. Gregori, for appellees, Seneca County, Jeffrey J. Stockner, Marguerite O. Bernard and Rick Smith.

Paul W. Allison, for appellee, David Wertman.

Eastman & Smith, David F. Cooper and Rudolph A. Peckinpaugh, Jr., for appellees, David Wertman, Lorin Snider, and Seneca County General Health District.

HADLEY, Presiding Judge.

Plaintiffs-appellants, Pearl Patrick and Gomer Patrick, appeal from the judgment entry of the Seneca County Common Pleas Court granting the motion to dismiss of defendants-appellees, David Wertman, Lorin Snider, Seneca County General Health District, and the motion to dismiss of defendants-appellees, Seneca County, Jeffrey Stockner, Marguerite Bernard and Rick Smith.

This dispute originates from the issuance of four preliminary injunctions in four nuisance abatement actions filed against appellant Pearl Patrick pertaining to four parcels of real estate owned by Patrick by the Seneca County Common Pleas Court. The injunctions, entered into on November 16, 1989, authorized the Seneca County Health Department to enter, inspect, and examine the properties and "to make random inspections and do all things necessary and proper, including, but not limited to, the physical removal of trash, rubbish, sewage or any other object, property, or thing or chattels, maintain and ensure the installation, maintenance and repair and related clean up of current health conditions at the propert[ies] * * *."

Pursuant to the injunctions issued against Patrick's properties, she was assessed the cost of the cleanup. However, she failed to pay the assessed cost, and a foreclosure action on the four properties ensued. Appellant defended her failure to pay the assessed costs and taxes on the properties on the ground that the Seneca County Health Department and those involved in the cleanup of her properties exceeded the scope of the injunction, looted, and destroyed her property. The Seneca County Common Pleas Court ordered that her properties be sold at a sheriff's sale. Appellant was subsequently denied relief from the judgment entry ordering the sale of her properties on August 19, 1993 by the trial court. On November 9, 1993 this court affirmed the trial court's denial of appellant Patrick's motion to vacate the judgment.

On May 3, 1993, appellants filed the current action. Appellants asserted trespass on the basis that the Seneca County General Health District and its representatives exceeded the scope of the injunctions. They further alleged constitutional claims on the basis that the appellees destroyed and looted property and refused Patrick her right of redemption. They argued that the injunctions were improperly granted, that they were denied their rights under Section 1983, Title 42, U.S.Code, and that title in the properties should be quieted in Patrick's name.

Appellees, David Wertman, Lorin Snider, and the Seneca County General Health District filed a motion to dismiss the complaint for failure to state a claim from which relief can be granted.[1] Appellees, Seneca County, Jeffrey Stockner, Marguerite Bernard, and Rick Smith filed a similar motion to dismiss.

On April 20, 1994, the Seneca County Common Pleas Court granted the appellees' motions to dismiss the complaint and entered its order without opinion. From the judgment entries dismissing the complaint appellants present two assignments of error:

Assignment of Error No. 1

"The trial court erred in dismissing Gomer Patrick's claims against the defendants [appellees] on the basis of res judicata since Gomer Patrick was not a party to the foreclosure proceedings nor were the defendants with the exception of Bernard."

Assignment of Error No. 2

"The trial court erred in dismissing the Patricks' claims on the basis of res judicata/collateral estoppel because the mutuality of parties requirement was not

---

1. The basis of the failure to state a claim defense included (a) quasijudicial immunity, (b) immunity pursuant to R.C. Chapter 2744, (c) *res judicata* and collateral estoppel, and (d) the statute of limitations.

met and because Pearl Patrick was not given a full and fair opportunity to litigate her defenses on the merits."

Since appellant's two assignments of error involve the propriety of the trial court's decision to grant dismissal, they will be jointly addressed. Appellants have framed their assignments of error around appellees' assertion that the doctrines of res judicata and collateral estoppel were the basis of the trial court's decision to grant dismissal to the appellees.[2] However, the trial court's judgment, issued without opinion, does not specify what the basis was for its decision to dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 639 N.E.2d 462.

■ The issue for this court's determination is whether appellants' complaint included a statement of claim against each appellee pursuant to Civ.R. 8(A). "All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." *Kelley v. E. Cleveland* (Oct. 28, 1982), Cuyahoga App. No. 44448, unreported, 1982 WL 5979.

■ It is well-settled law that for a court to properly grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755; *Conley v. Gibson* (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84. Additionally, the complaint should not be dismissed if the trial court doubts that plaintiff will win on the merits. *Slife v. Kundtz Properties* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557, paragraph four of the syllabus.

Thus, the standard of review as set forth in *O'Brien* must be applied to all counts of appellants' complaint to determine whether the complaint was properly

---

2. It should be noted that the defenses of res judicata and collateral estoppel were not the only defenses asserted by the appellees.

dismissed in favor of the appellees. Treating this as a *de novo* review, only the complaint can be reviewed to test the sufficiency of the allegations.

Presuming that all factual allegations of the complaint are true and upon review of the appellants' complaint under the pleading requirements set forth in Civ.R. 8(A), we find that appellants' allegations in counts one, two, three, four and six are sufficient to withstand a Civ.R. 12(B)(6) motion to dismiss.

■ Count five of the complaint alleges that appellees violated appellants' rights under Section 1983, Title 42, U.S.Code. This cause of action fails to meet the standard established in *Bettio v. Northfield* (N.D.Ohio 1991), 775 F.Supp. 1545, 1551. The court in *Bettio* stated that "where a section 1983 action has been asserted against public officials who may be entitled to * * * qualified immunity, the complaint must state with factual specificity the bases upon which the potentially immune defendant will be unable to successfully maintain the defense of immunity." Appellants' allegations simply do not allege with any factual specificity why appellees could not maintain a successful immunity defense.

The portion of the appellate record which this court is prohibited from utilizing for purposes of this *de novo* review may contain defenses to appellants' allegations. However, without the existence of adequate dates in the complaint for determining the date of accrual of each cause of action, and with no opinion from the trial court as to its basis for its conclusion, this court must remand this cause for further action.

To the above extent, we therefore reverse the judgment of the trial court regarding the first, second, third, fourth and sixth counts in the complaint and affirm its judgment regarding the fifth count of the complaint.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

EVANS and SHAW, JJ., concur.