HOLT, Appellant,

v.

SAWYER et al., Appellees.

[Cite as *Holt v. Sawyer*, 180 Ohio App.3d 255, 2008-Ohio-6686.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080226.

Decided Dec. 19, 2008.

Meeks Law Firm, Inc., and Eric L. Meeks, for appellant.

Frost Brown Todd L.L.C. and Susan Grogan Faller, for appellees.

SUNDERMANN, Presiding Judge.

{¶ 1} Patricia Sawyer Holt appeals the trial court's entry of summary judgment in favor of Iris C. Sawyer, Christine Wade Hastie, and Martin L. Wade, and its denial of her motion for reconsideration. We conclude that the neither of her assignments of error has merit, so we affirm the judgment of the trial court.

## I. Background

{¶ 2} In 1967, Holt's father, James G. Sawyer, divorced Holt's mother. Shortly after the divorce, he married Iris Sawyer. Holt alleged that Iris had broken up James Sawyer's first marriage and that Iris had attempted to exclude Holt and her brother from her father's life. According to Holt, her father resorted to secret meetings with Holt, because Iris disapproved of their meetings. Apparently, at some point, Holt lost contact with her father.

{¶ 3} James Sawyer executed a will in July 1999. In the will, he provided that his entire estate was to go to Iris Sawyer. In the event that Iris preceded him in death, James bequeathed household items to Iris's daughters Pam and Joan, $10,000 each to Iris's two nieces, $1 to Holt, and the rest of the estate to Hastie. Hastie was designated as trustee, and Wade, Hastie's ex-husband, was designated trustee in the event that Hastie could not serve. Wade also drafted the will and signed it as a witness.

{¶ 4} James Sawyer died on November 25, 2000. Holt alleged that she did not learn of her father's death until April 3, 2007, when she called his house to wish him a happy birthday. According to Holt, Iris Sawyer informed her that her father had died years ago. The obituary announcing his death did not list Holt as James's daughter.

{¶ 5} Holt filed a complaint in which she alleged that Iris Sawyer, Hastie, and Wade had intentionally interfered with her expectancy of inheritance from James Sawyer, that the defendants had been unjustly enriched, and that the defendants had participated in a civil conspiracy. The defendants filed a motion for summary judgment and a request for sanctions. Holt filed a reply and included affidavits from herself and Kenneth J. Manges, Ph.D. After a hearing on the motion, the trial court granted summary judgment to the defendants but denied the request for sanctions. Holt filed a motion to reconsider and included an affidavit from her cousin Sandy Smalley. The trial court denied the motion.

## II. Assignments of Error

{¶ 6} Because they are related, we consider the assignments of error together. In the first, Holt asserts that the trial court erred when it granted summary

judgment to the defendants. In the second, she asserts that the trial court erred when it denied her motion for reconsideration.

{¶ 7} Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party.[1] We review the trial court's decision to grant summary judgment de novo.[2]

{¶ 8} To succeed on her claim for intentional interference with an expected inheritance ("IIEI"), Holt had to demonstrate the following: "(1) an existence of an expectancy of inheritance * * *; (2) an intentional interference by [defendants] with the expectancy of inheritance; (3) conduct by the [defendants] involving the interference which [was] tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the [defendants]; and (5) damage resulting from the interference."[3]

{¶ 9} Holt contends that she presented sufficient evidence that she had an expectancy of inheritance from her father's estate. According to her, her expectation was based on her secret meetings with her father, her status as his only surviving child, and the fact that he had named her as a beneficiary on his life insurance policy when he had divorced her mother. But nowhere in the trial court's proceedings did Holt allege or show that she had been promised an inheritance by her father. That she was his daughter and that she was a beneficiary on his life insurance policy were not sufficient to create an expectancy.[4]

{¶ 10} Even if Holt had presented sufficient evidence that she had an expectancy of inheritance, her claim would still have failed because she did not present evidence that the defendants had intentionally interfered with her expectancy or that the defendants' conduct was tortious. As evidence that Iris Sawyer had interfered with her expectancy, Holt indicated that her father had to see her in secret and that he had feared that Iris would divorce him if she knew that they had met. Aside from speculation, Holt presented no evidence that Iris

1. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

2. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

3. *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87, 88, 616 N.E.2d 202.

4. See *Werman v. Green* (Mar. 30, 2001), 11th Dist. No. 2000–L–033, 2001 WL 314712.

had done anything to interfere. And actions taken by Iris Sawyer with respect to James Sawyer's obituary and funeral in 2000 lent no support to her actions taken when James Sawyer was executing his will in 1999. Considering this evidence in the light most favorable to Holt, we hold that it was not sufficient to create a question of fact that Iris Sawyer had intentionally interfered with Holt's expectancy of inheritance.

{¶ 11} Holt's claims against Hastie and Wade were even more tenuous. Aside from Wade drafting James Sawyer's will, Holt made no connection between the distribution of James Sawyer's estate and Hastie and Wade's inclusion in the will.

{¶ 12} Likewise, the evidence presented by Holt that the defendants had acted tortiously was not sufficient to survive a summary-judgment challenge. The affidavits of Holt and Dr. Manges offered no evidentiary support for their speculation that the defendants had exerted undue influence on James Sawyer or that he had been susceptible to such influence. "General influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making a will."[5] We conclude that reasonable minds could come to but one conclusion adverse to Holt with respect to her IIEI claim. And because Holt was unable to demonstrate a genuine issue of material fact with respect to the IIEI claim, she also did not demonstrate that the defendants were unjustly enriched when they were included in the will or that they had conspired civilly against her. Summary judgment was properly granted on these claims.

{¶ 13} Holt sought reconsideration of the trial court's judgment and offered the affidavit of her cousin Sandy Smalley in support. Smalley stated that she believed that Iris Sawyer had exerted control over James Sawyer to prevent him from visiting his extended family, that her family had been excluded from visiting James Sawyer when he was sick, and that they had not been informed about the funeral arrangements. None of this evidence, considered in the light most favorable to Holt, was sufficient to create a factual issue about the claims. The trial court properly denied the motion for reconsideration.

{¶ 14} The two assignments of error are without merit, and we therefore affirm the judgment of the trial court.

Judgment affirmed.

PAINTER and CUNNINGHAM, JJ., concur.

---

5. *West v. Henry* (1962), 173 Ohio St. 498, 501, 20 O.O.2d 119, 184 N.E.2d 200.