[Cite as *Sirak v. Arenstein*, 2011-Ohio-5266.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| NORMAN L. SIRAK | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00053 |
| GAIL A. ARENSTEIN, ET AL | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2010-CV-04625

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 11, 2011

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

NORMAN L. SIRAK PRO SE               NICHOLAS ANDERSEN
4035 Cinwood Street N.W.             Arenstein & Anderson Co., LPA
Massillon, OH 44646                  5131 Post Road, Suite 350
                                     Dublin, OH 43017

*Gwin, P.J.*

{¶1} Plaintiff-appellant Norman L. Sirak appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found pursuant to Civ. R. 12 (B)(6), that his complaint against defendants-appellees Gail Arenstein, Ronald Arenstein, G. Gregory Arenstein, and Eleanor G. Sirak failed to state a claim on which relief can be granted. Appellant assigns five errors to the trial court:

{¶2} "I. THE LOWER COURT IGNORED THREE GENUINE ISSUES OF MATERIAL FACTS SUBMITTED BY PLAINTIFF IN ITS (sic) RESPONSE TO THE MOTION TO DISMISS.  NO REASON WAS GIVEN FOR NOT CONSIDERING THESE ISSUES OF FACT, AND NO MENTION WAS MADE OF THEM IN ANY CONTEXT.

{¶3} "II. THE LOWER COURT DID NOT CONSIDER PLAINTIFF'S FACTS AND REASONABLE INFERENCES DRAWN FROM THESE FACTS, AS THEY (sic) ARE REQUIRED TO DO FOR A RULE 12 (B) (6) MOTION.

{¶4} "III. THE LOWER COURT WEIGHED AND CHARACTERIZED PROBATIVE EVIDENCE, INVADING THE PROVINCE OF A JURY.

{¶5} "IV. THE LOWER COURT CONSIDERED AND ACCEPTED AS TRUE CONCLUSIONS OF LAW, IN PLACE OF FACTS, AND PROVIDED NO CASE LAW AUTHORITY TO SUPPORT ITS POSITION.

{¶6} "V. THE LOWER COURT HELD THAT THIS CASE IS NOT YET RIPE. THIS LEGAL CONCLUSION WILL INVALIDATE THE USE OF THE INTENTIONAL INTERFERENCE WITH AN EXPECTANCY OF AN INHERITANCE, BECAUSE IT RENDERS THE FOURTH ELEMENT IN THIS TORT EXTREMELY DIFFICULT TO FULFILL."

{¶7} Appellees Gail and Ronald Arenstein are appellant's sister and brother-in-law. Appellee G. Gregory Arenstein is Ronald Arenstein's nephew and an attorney. Appellee Eleanor G. Sirak is the mother of appellant and appellee Gail Arenstein.

{¶8} Appellant filed his amended complaint with a jury demand on January 5, 2011. The complaint sets out a lengthy statement of facts beginning in 1986. Appellant alleges Eleanor G. Sirak has been the victim of undue influence and fraud perpetrated by Gail and Ronald Arenstein and assisted by G. Gregory Arenstein in his legal capacity. The complaint alleges appellee Eleanor G. Sirak is elderly and has a variety of ailments including mobility problems and susceptibility to outside influences. It alleges Eleanor has lost her ability to exercise her free will regarding her property, because of the way Gail has treated her.

{¶9} In 1986, Eleanor Sirak sold her home to Gail and Ronald Arenstein, and purchased a smaller one. Eleanor Sirak asked for an appraisal of the home, which Gail and Ronald provided. Appellant believes the appraisal was far too low. Appellant alleges Gail and Ronald Arenstein paid far less for the home than it was worth, and then mortgaged it for far more than they paid. Appellant alleged Gail and Ronald Arenstein were and continue to be encumbered with mortgages and debts beyond what their income would indicate they are able to pay. Appellant alleges it is quite possible Gail and Ronald Arenstein are exploiting Eleanor Sirak financially, although the complaint admits Eleanor Sirak denied paying any of their bills.

{¶10} The complaint recites various incidents which appellant urges demonstrate physical and psychological elder abuse and exploitation. The culminating incident which prompted appellant to file the lawsuit was Eleanor Sirak's execution of a

Transfer on Death (hereinafter TOD) designation affidavit in favor of Gail Arenstein. Appellant alleges when he questioned Eleanor Sirak she did not recall signing the affidavit, and did not understand its significance. Eleanor Sirak allegedly told appellant she changed her name on some documents to the Estate of Eleanor Sirak. Eleanor Sirak stated the documents were supposed to make her will read better. She also allegedly told appellant appellees checked her credit score. Appellant alleged appellee G. Gregory Arenstein did the estate planning for Eleanor. Appellant indicates he believes there may be joint ownerships and/or more TOD affidavits from Eleanor to Gail.

{¶11} Essentially the complaint alleged first, that appellees had obtained Eleanor Sirak's signature on the deed by means of deception. Secondly, appellant claimed wrongful conversion of an elderly person's assets, which he alleges will be demonstrated when discovery was completed. Thirdly, he alleged tortious interference with an expectancy of an inheritance, in the fraudulent obtaining of the TOD document. Lastly, he alleges discovery may uncover a power of attorney executed in Gail Arenstein's favor which would then give rise to an action for conversion of property by a fiduciary. Appellant believed discovery might demonstrate Eleanor Sirak signed a Power of Attorney in favor of Gail Arenstein.

{¶12} Appellant asserted there could be evidence of criminal activity as well.

{¶13} Appellant's demand for relief asked the court:

{¶14} (1) to issue a declaratory judgment finding the elements of tortious intentional interference with an expectancy of an inheritance were proven and a finding he is entitled to one-half of Eleanor Sirak's gross estate, with a specific finding the TOD

disposition of Eleanor Sirak's assets would be declared null and void and of no legal force.

{¶15} (2) to issue a declaratory judgment finding Gail Arenstein's conduct relating to the TOD designation affidavit, coupled with her earlier dealings with her mother, to be so reprehensible and shocking as to warrant forfeiting her entire interest in her mother's estate, and thereby, granting appellant all of Eleanor Sirak's assets.

{¶16} (3) to issue a declaratory judgment that the TOD designation affidavit is null and void and to instruct the county recorder to file a copy of the judgment in the property's chain of title.

{¶17} (4) to issue a declaratory judgment ordering Gail and Ronald Arenstein to reimburse Eleanor Sirak all money that had been proven to be wrongly appropriated and converted. Appellant requested punitive damages if any funds were misappropriated using a power of attorney.

{¶18} (5) to issue a declaratory judgment ordering all funds obtained by Gail and Ronald Arenstein by using Eleanor Sirak's credit standing to be reimbursed with interest. Appellant requested punitive damages as well as compensatory damages if the amounts proved to be substantial.

{¶19} (6) to grant an award of damages against G. Gregory Arenstein in an amount to be determined by the evidence developed for trial.

{¶20} (7) to issue a judgment to compensate appellant for his out-of-pocket litigation expenses and, if he retained outside counsel, for all attorney fees.

{¶21} (8) to grant relief in any form of specific performance or compensation warranted by the evidence in the record.

{¶22}  Appellant also asked the court to appoint a guardian ad litem for Eleanor Sirak. The trial court overruled the motion, finding the Stark County Probate Court was the proper forum, and finding there had been no proof that Eleanor Sirak was incompetent.

{¶23} On February 4, 2011, appellees filed their motion to dismiss all claims pursuant to Civ. R. 12 (B)(6).  Appellees alleged all of appellant's causes of action require a showing of injury or the taking of property, but the TOD designation was not a transfer of real property and conveyed no property rights to Gail Arenstein.

{¶24}  Appellees urged appellant's claim for conversion failed because there was no transfer of property, no demand for return, and no injury.

{¶25}  Appellees asserted appellant's claim for interference with the expectancy of an inheritance also failed because no injury had occurred. They argued the TOD designation did not confer any rights to Gail, and Eleanor Sirak, could revoke the affidavit at any time.  Appellees asserted because Eleanor Sirak was not deceased, no actual transfer of any real property had taken place and appellant could show no present injury.

{¶26}  Appellees argued the false pretenses argument actually alleged a cause of action for fraudulent inducement, and again, because there was no transfer of any property, there were no damages.  Likewise, appellees argued the claim for breach of fiduciary duty failed because there was no showing of a fiduciary relationship and no injury.

{¶27} On February 18, 2011, the trial court entered a judgment dismissing all of appellant's claims.  The court interpreted the complaint as asserting five causes of

action, namely, fraud, conversion, fraud in the inducement, breach of fiduciary duty, and intentional interference with an expectancy of an inheritance. The court found except for the intentional interference with an expectancy of inheritance, appellant had not alleged any facts to show he had standing to assert the other claims, because the claims are actually on behalf of Eleanor Sirak. The complaint did not allege appellant is the legal guardian or has power of attorney for Eleanor Sirak. The court concluded the claims for fraud, conversion, fraud in the inducement, and breach of fiduciary duty fail.

**{¶28}** The court addressed the claim for intentional interference with an expectancy of inheritance. In *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87, the Ohio Supreme Court first recognized the tort of intentional interference with expectancy of inheritance. The essential elements of the claim are: (1) the existence of a plaintiff's expectancy of inheritance; (2) a defendant's intentional interference with plaintiff's expectancy, (3) the defendant's tortious conduct involving the interference, such as fraud, duress, or undue influence; (4) a reasonable certainty that, but for the defendant's interference, the expectancy of inheritance would have been realized; and (5) damage resulting from the interference. Id. at 88.

**{¶29}** Civ. R. 12 (B)(6) provides a court may dismiss a matter if it finds the complaint does not state a claim upon which relief can be granted. Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greely v. Miami Valley Maintenance Contractors. Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners*, 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378. Under a

de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584.

{¶30} All the Civil Rules require is a short, plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. *Patrick v. Wertman* (1996), 113 Ohio App.3d 713, 716, 681 N.E.2d 1385, quoting *Kelley v. E. Cleveland* (Oct. 28, 1982), 8th Dist. No. 44448. When filing a claim the plaintiff is not required to plead a specific legal theory of recovery and is not bound by any particular theory. *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St. 3d 512, 526, 639 N.E.2d 771. To survive a motion under Civ. R. 12(B)(6), the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, or contain allegations from which an inference may be fairly drawn. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 83, 455 N.E.2d 1344, citation deleted.

I.& II

{¶31} In his first assignment of error, appellant argues the trial court ignored three genuine issues of material fact: (1) Whether Eleanor Sirak was subject to Gail Arenstein's undue influence as far back as 1986. (2) Whether it was Eleanor Sirak's idea to visit Attorney G. Gregory Arenstein and change her name from Eleanor G. Sirak to the Estate of Eleanor G. Sirak, or whether Gail and Ronald Arenstein arranged the meeting to further their own interests. (3) How Gail and Ronald Arenstein are paying their bills and, if they are using Eleanor Sirak's money, whether they have her informed and uncoerced consent.

{¶32} In his second assignment of error, appellant argues the trial court did not consider the above facts and any reasonable inferences to be drawn from the facts as required by Civ. R. 12 (B)(6).

{¶33} The court found appellant had failed to allege a reasonable certainty of an inheritance of Eleanor Sirak's home or other property, and also found the claim was not ripe because the appellant had not yet incurred any damages. The complaint stated appellant believed Eleanor had not executed a will, so under Ohio law one half of her estate would come to him at her death.

{¶34} In *Holt v. Sawyer*, 180 Ohio App.3d 255, 2008-Ohio-6686, the court of appeals for Hamilton County found plaintiff Holt had not presented evidence of a reasonable expectancy of inheritance. She was the beneficiary of her deceased father's life insurance policy and was the decedent's sole surviving child. The will named decedent's wife Iris as the primary beneficiary. Iris was a defendant in the case and was not Holt's mother. Under the will, Holt received $1. She alleged she had met with her father in secret so as not to antagonize Iris. The court found Holt never alleged the decedent had promised her an inheritance. *Holt* at paragraph 9, citing *Werman v. Green ex rel. Estate of Green*, (2001) Lake App. No. 2000-L-033.

{¶35} In the *Werman* case the court found the plaintiffs had not proven a reasonable expectancy of inheritance by alleging they were the children of one of decedent's brothers and the family was small. There were allegations the decedent had told them certain heirlooms would stay in the family after her death, but there was no allegation she had ever promised them they would inherit anything. The court of

appeals in *Werman* characterized the plaintiffs' allegations as "hunches and mere speculation". The plaintiffs each received $1 under the will. Id. at p.3.

{¶36} We agree with the trial court appellant's factual allegations are insufficient as a matter of law to demonstrate he had a reasonable expectation of inheritance.

{¶37} An essential element of each of appellant's causes of action is a demonstration of damages to appellant. As the trial court pointed out, appellant had no property rights in assets the complaint refers to which would give him standing to bring an action for deception or fraud in the inducement of the execution of the TOD designation affidavit or any of the assets allegedly converted. We agree with the trial court the claims for deception or fraud in the inducement are Eleanor Sirak's claims because she is the owner of the property. Likewise, appellant alleged breach of fiduciary duty, but did not allege there was a fiduciary relationship between Eleanor Sirak and any of the other appellees. Appellant speculated there could be a power of attorney or other document.

{¶38} We find the trial court did not err in determining appellant had no standing to bring an action on behalf of Eleanor Sirak to recover or safeguard her property. Appellant could not demonstrate he was damaged.

{¶39} The first and second assignments of error are overruled.

III.

{¶40} In his third assignment of error, appellant asserts the trial court weighed the evidence, invading the presence of a jury. We do not agree.

{¶41} The record before us shows the trial court reviewed the allegations of the complaint and the various documents attached to it to determine whether, if proven, the

allegations gave rise to any causes of action. The trial court properly did not weigh the evidence but applied Ohio law to the allegations to determine whether appellant could prove any set of facts that would entitle him to relief.

{¶42} The third assignment of error is overruled.

IV.

{¶43} In his fourth assignment of error, appellant argues the trial court considered and accepted as true conclusions of law instead of facts, and provided no case law authority to support its position.

{¶44} At the outset, we find a trial court is not required to cite case law authority in its judgment, although it may do so to explain the decision.

{¶45} Appellant asserts opposing counsel offered legal conclusions, not factual allegations, and the trial court improperly relied on the conclusions of law. This is the proper procedure in a motion pursuant to Civ. R. 12(B)(6). The motion requires the court to view only the complaint, and to apply the law to it. A defendant may legitimately argue the applicable law and may point out flaws in the complaint, but in a motion brought pursuant to Civ. R. 12(B)(6) the defendants may not submit factual allegations of their own to dispute those in the complaint.

{¶46} The legal conclusions the court set out were correct statements of Ohio law. We find no error herein.

{¶47} The fourth assignment of error is overruled.

V.

{¶48} In his fifth assignment of error, appellant argues the trial court erred in finding the case was not ripe. Appellant asserts he should be able to bring his action for

intentional interference with the expectancy of inheritance before appellee Eleanor Sirak dies because after her death, the best evidence of her state of mind and her understanding of events will no longer be available.

{¶49} In the case of *Cunningham v. Cunningham,* Franklin App. No. 08AP-1049, 2009-Ohio-4648, the Tenth District Court of Appeals reviewed a claim of intentional interference with the expectancy of inheritance. The court found before pursuing such a claim, a plaintiff must first exhaust all appropriate probate procedures. The rationale for this rule is that the Probate Court may very well resolve the issues by determining whether the will is valid. *Cunningham* at paragraphs 18-19.

{¶50} Appellant named two experts who could evaluate Eleanor and testify as to her mental state. Appellant asserts when the court dismissed the case it became impossible to have her evaluated.

{¶51} Frequently a court is called upon to determine a deceased person's competency or to decide whether a bequest or other transaction was the result of undue influence or fraud. We reject appellant's argument a cause of action for intentional interference with the expectancy of inheritance requires the grantor's live testimony. Appellant is also incorrect in stating there is no vehicle by which he can have Eleanor's competency evaluated. He can do so in Probate Court.

{¶52} We agree with the trial court this cause of action is not ripe. Appellees argue Eleanor Sirak can change her mind at any point, and disavow the TOD designation. Appellant alleges she is mentally and emotionally unable to do so. If Eleanor Sirak is incompetent to see to her own affairs, the Probate Court has the mechanism to intervene and assist her. If she is competent, Ohio law does not provide

a means to prevent a competent person from using or disposing of property as he or she wishes, even if to do so may appear unfair or unwise to other persons.

**{¶53}**  The fifth assignment of error is overruled.

**{¶54}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JULIE A. EDWARDS

_____

HON. PATRICIA A. DELANEY

WSG:clw 0907

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NORMAN L. SIRAK | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GAIL A. ARENSTEIN, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-00053 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY