[Cite as *Provens v. Woodridge Place Apts.*, 2023-Ohio-1388.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Michael Provens et al.,                                   :

          Plaintiffs-Appellees,                     :                    No. 22AP-760
                                              (C.P.C. No. 22CV-3902)
v.                                                                    :

Woodridge Place Apartments et al.,              :                    (ACCELERATED CALENDAR)

          Defendants-Appellees,                  :

City of Columbus Fire Department,               :

          Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on April 27, 2023

---

**On brief:** *Zach Klein*, City Attorney, and *Michael R. Halloran*, for appellant City of Columbus Fire Department.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, City of Columbus Fire Department ("the City"), appeals from an entry of the Franklin County Court of Common Pleas denying its motion for judgment on the pleadings. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On June 8, 2022, plaintiffs-appellees, Michael Provens and David Painter, filed a complaint against Woodridge Place Apartments, Lutheran Social Services, Franklin Township Fire Department, and the City on behalf of themselves and the estate of Noreen C. Painter as her next of kin. The complaint asserted claims of wrongful death and negligence against the City, alleging the City "did not act timely in gaining access to

[decedent's] residence" in response to a 911 call that decedent fell and could not get up. (June 8, 2022 Compl. at ¶ 21.)

{¶ 3} The City filed a motion to dismiss the complaint, arguing appellees lacked the capacity to bring either a wrongful death or survivor action and that the City was immune from liability under R.C. 2744.02(A)(1). Appellees initially filed a memorandum contra the motion to dismiss and subsequently filed an amended complaint. In their amended complaint, appellees indicated that Provens had been appointed administrator of the estate. Additionally, the amended complaint again asserted claims of negligence and wrongful death against the City, alleging the City was negligent when it "did not act timely in gaining access to [decedent's] residence." (Oct. 5, 2022 Am. Compl. at ¶ 23.)

{¶ 4} In response to the amended complaint, the City answered and moved for judgment on the pleadings pursuant to Civ.R. 12(C). The City argued it was immune from liability as a political subdivision pursuant to R.C. 2744.02(A)(1). Because appellees' only allegation against the City was that the City acted negligently in its performance of a governmental function and appellees did not allege any facts in their complaint to demonstrate an exception to the presumption of immunity, the City asserted it was entitled to immunity as a matter of law. Appellees did not file a response to the motion for judgment on the pleadings.

{¶ 5} In a November 15, 2022 entry, the trial court denied the City's motion for judgment on the pleadings. The trial court did not reach the merits of the immunity question. Instead, the trial court determined that the question of political subdivision immunity under R.C. Chapter 2744 could not be resolved on a motion for judgment on the pleadings and denied the motion on that basis. The City timely appeals.

## II. Assignments of Error

{¶ 6} The City assigns the following two assignments of error for our review:

> [I.] The trial court erred when it determined immunity pursuant to R.C. Chapter 2744 cannot be resolved on a motion for judgment on the pleadings under Civ.R. 12(C).

> [II.] The trial court erred when it denied Columbus immunity pursuant to R.C. Chapter 2744 by denying Columbus' motion for judgment on the pleadings.

### III.  First Assignment of Error – Judgment on the Pleadings

{¶ 7}   In its first assignment of error, the City argues the trial court erred when it denied the City's motion for judgment on the pleadings.  More specifically, the City asserts the trial court erroneously concluded it could not resolve the question of political subdivision immunity, pursuant to R.C. Chapter 2744, in a Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 8}   Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  When presented with such a motion, a court must construe all the material allegations of the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8.  Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law."  *Id.* at ¶ 9. We review a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings under a de novo standard.  *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 10th Dist. No. 13AP-1, 2013-Ohio-4343, ¶ 13, citing *Franks v. Ohio Dept. of Rehab. & Corr.*, 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.).

{¶ 9}   In denying the City's motion for judgment on the pleadings, the trial court found it could not make a determination of political subdivision immunity, pursuant to R.C. Chapter 2744, in ruling on a motion for judgment on the pleadings.  The trial court found that the question of immunity was appropriate instead for a motion for summary judgment. Since the City did not file a motion for summary judgment but filed a motion for judgment on the pleadings, the trial court determined it could not reach the immunity question.  We do not agree with the trial court's conclusion.

{¶ 10}  The trial court is correct that a party may seek a determination of immunity under R.C. Chapter 2744 through a motion for summary judgment.  *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, ¶ 17 ("[w]hether a party is entitled to immunity is a question of law properly determined by the court prior to trial pursuant to a motion for summary judgment") (Internal citations omitted.); *Michael v. Worthington City School Dist.*, 10th Dist. No. 19AP-145, 2020-Ohio-1134, ¶ 13 ("[w]hether a political subdivision is immune from civil liability is purely a question of law, properly determined prior to trial and preferably on a motion for summary judgment") (Internal citations omitted.)

However, though summary judgment is an appropriate mechanism to determine a question of immunity, it is not the only mechanism. As this court has stated, "a political subdivision may seek a judgment on the pleadings on the basis of" political subdivision immunity under R.C. Chapter 2744. *DSS Servs., L.L.C. v. Eitel's Towing, L.L.C.*, 10th Dist. No. 18AP-567, 2019-Ohio-3158, ¶ 11 (additionally noting "where the face of the complaint does not clearly establish a political subdivision's immunity, a court must deny a motion for judgment on the pleadings"). *See also Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, ¶ 12-16 (reviewing the trial court's finding of immunity in ruling on a motion for judgment on the pleadings and finding the pertinent question, in reviewing an immunity determination made pursuant to a motion for judgment on the pleadings, is whether the complaint "put the [defendants] on notice of the claims against them and raise[d] the possibility that the exception to their statutory immunity under R.C. 2744.03(A)(6)(b) might apply"). Thus, a Civ.R. 12(C) motion for judgment on the pleadings is among the appropriate mechanisms for a party to seek determination of immunity pursuant to R.C. Chapter 2744.

{¶ 11} Because the trial court erroneously concluded it could not consider the question of immunity in the framework of a Civ.R. 12(C) motion for judgment on the pleadings, we reverse the trial court's decision denying the City's motion for judgment on the pleadings. On remand, we instruct the trial court to determine, in the first instance, whether the City is entitled to judgment on the pleadings based on its claim of political subdivision immunity pursuant to R.C. Chapter 2744. Accordingly, we sustain the City's first assignment of error.

**IV. Second Assignment of Error – Immunity Determination**

{¶ 12} In its second assignment of error, the City asserts the trial court erred in failing to find it was entitled to immunity pursuant to R.C. Chapter 2744. As we noted in our resolution of the City's first assignment of error, the trial court never reached the question of whether the City was entitled to judgment on the pleadings based on political subdivision immunity. Having concluded the trial court erred in failing to consider the merits of the City's Civ.R. 12(C) motion for judgment on the pleadings and having instructed the trial court to consider this question in the first instance on remand, the City's second assignment of error is moot and we will not address it.

## V. Disposition

{¶ 13} Based on the foregoing reasons, the trial court erred when it refused to consider the merits of the City's Civ.R. 12(C) motion for judgment on the pleadings on the basis of political subdivision immunity. Having sustained the City's first assignment of error, which rendered moot the City's second assignment of error, we reverse the decision of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.