[Cite as *Guilford v. Zaner*, 2023-Ohio-2098.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

BRUCE E. GUILFORD,

    PLAINTIFF-APPELLANT,

    CASE NO. 4-22-19

    v.

LORIN ZANER, ESQ.,

    O P I N I O N

    DEFENDANT-APPELLEE.

**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 20-CV-45121**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  June 26, 2023**

APPEARANCES:

    *Larry W. Zukerman* and *Brian Murray* for Appellant

    *David R. Hudson* and *Taylor Knight* for Appellee

Case No. 4-22-19

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Bruce E. Guilford ("Guilford") appeals the judgment of the Defiance County Court of Common Pleas, alleging that the trial court erred in granting the Civ.R. 12(C) motion for judgment on the pleadings filed by defendant-appellee Lorin Zaner ("Zaner"). For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On July 25, 2018, Guilford was indicted on four criminal charges, including rape, sexual battery, abduction, and gross sexual imposition. He had previously retained Zaner to represent him in this matter. On March 11, 2019, Zaner advised Guilford to accept a plea agreement. On March 12, 2019, Guilford pled guilty to one count of gross sexual imposition. Shortly after this change of plea hearing, Guilford retained different attorneys. On April 17, 2019, Zaner filed a motion to withdraw as defense counsel. The trial court granted this motion on April 17, 2019.[1] Guilford then filed several motions, seeking to withdraw his guilty plea. These motions were ultimately successful.

---

[1] On appeal, the parties do not raise the issue of the statute of limitations. However, we note that "[a]n action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Starner v. Onda*, 10th Dist. Franklin No. 22AP-599, 2023-Ohio-1955, ¶ 25, quoting *Zimmie v. Calfee, Halter, & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), at the syllabus. *See also Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 528 N.E.2d 941 (1988). The complaint indicates that Zaner withdrew as defense counsel for Guilford on April 17, 2019. The complaint instituting this action was filed on May 20, 2019. The face of the complaint does not indicate when Guilford may have become aware of the injury alleged in

-2-

Case No. 4-22-19

{¶3} On May 20, 2020, Guilford filed a complaint that raised legal malpractice claims against Zaner. He alleged that Zaner incorrectly informed him that the plea agreement "includ[ed] 'a guarantee of no jail time.'" (Doc. 1). He further alleged that Zaner breached his professional duty by "failing to discover, compel, and/or obtain previously recorded statements of the complaining witness and/or the complaining witness's significant other * * *." (Doc. 1).

{¶4} On May 12, 2022, Zaner filed a Civ.R. 12(C) motion for judgment on the pleadings, arguing "no facts to support any breach of duty exist[ed] within the four corners of the Complaint * * *." (Doc. 11). In particular, Zaner argued that duty to disclose exculpatory evidence rested with the prosecutor and that he could not be held to breach a duty for failing to seek such evidence. On December 6, 2020, the trial court granted Zaner's motion for judgment on the pleadings.

*Assignment of Error*

{¶5} Guilford then filed his notice of appeal on December 28, 2022. On appeal, he raises the following assignment of error:

**The trial court erred to the prejudice of Appellant by granting Appellee's Motion for Judgment on the Pleadings (Journal Number 20) and dismissing Appellant's Complaint because construing the material allegations in Appellant's Complaint, with all reasonable inferences to be drawn therefrom in favor of Appellant, Appellant was able to prove facts in support of his claim that would entitle him to relief—specifically, that Appellee breached a legal duty owed to Appellant—and, therefore,**

his complaint. But since this issue of the statute of limitations was not raised on appeal, we make no determination on this issue in this opinion.

**material factual issues exist and Appellee was not entitled to Judgment on the Pleadings.**

*Legal Standard*

**{¶6}** Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). "In determining whether to grant a motion for judgment on the pleadings, a court must examine solely the pleadings." *McComb v. Suburban Natural Gas Co.*, 85 Ohio App.3d 397, 400, 619 N.E.2d 1109, 1111 (3d Dist.). "If the trial court 'finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief,' then the grant of the motion for judgment on the pleadings is proper." *Smith v. Wal-Mart Stores East, LP*, 2019-Ohio-5037, 150 N.E.3d 499, ¶ 8 (3d Dist.), quoting *Reznickcheck v. North Cent. Correctional Institution*, 3d Dist. Marion No. 9-07-22, 2007-Ohio-6425, ¶ 12.

**{¶7}** When a Civ.R. 12(C) motion is being considered, "the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his or her favor." *Klever v. Sullivan*, 3d Dist. Crawford No. 3-07-33, 2008-Ohio-1784, ¶ 4, quoting *Hawthorne v. Migoni*, 5th Dist. Tuscarawas No. 2003 AP 070054, 2004-Ohio-378, ¶ 9. On appeal, "Civ.R. 12(C) * * * presents only questions of law * * *." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). Thus, appellate courts "review a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings under a de novo

standard." *Provens v. Woodridge Place Apartments*, 10th Dist. Franklin No. 22AP-760, 2023-Ohio-1388, ¶ 8.

{¶8} In considering a Civ.R. 12(C) motion, "the principles of notice pleading apply * * *." *David v. Matter*, 2017-Ohio-7351, 96 N.E.3d 1012, ¶ 8 (6th Dist.). *See Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 19 (applying the requirements of Civ.R. 8(A) and 9(C) to a Civ.R. 12(C) motion). "This means that outside of a few specific circumstances, such as claims involving fraud or mistake, *see* Civ.R. 9(B), a party will not be expected to plead a claim with particularity." *Maternal Grandmother v. Hamilton County Department of Job and Family Services*, 167 Ohio St.3d 390, 2021-Ohio-4096, 193 N.E.3d 536, ¶ 10.

{¶9} "Instead, '[a] pleading that sets forth a claim for relief' needs to include only '(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.'" *Ohio Neighborhood Preservation Association v. Alaura*, 10th Dist. Franklin No. 22AP-347, 2023-Ohio-1281, ¶ 10, quoting Civ.R. 8(A). The purpose of the notice pleading requirements is "to give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." *Patrick v. Wertman*, 113 Ohio App.3d 713, 717, 681 N.E.2d 1385, 1387 (3d Dist. 1996), quoting *Kelley v. E. Cleveland*, 8th Dist. Cuyahoga No. 44448, 1982 WL 5979, *2 (Oct. 28, 1982). A Civ.R. 12(C) motion should not be granted simply if it appears "doubt[ful] that plaintiff will win on the merits." *Patrick* at 716.

{¶10} "To establish a cause of action for legal malpractice, a plaintiff must show 'the existence of an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by that breach.'" *Ratonel v. Roetzel & Andress, L.P.A*., 147 Ohio St.3d 485, 2016-Ohio-8013, 67 N.E.3d 775, ¶ 6, quoting *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 25.

> "The duty of an attorney to his client is to '* * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed.'" *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, [925 N.E.2d 669,] ¶ 17 (9th Dist.), quoting *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298[, 549 N.E.2d 1202] (6th Dist.1988), quoting 67 Ohio Jurisprudence 3d, Malpractice, Section 9, at 16 (1986).

*Phillips v. Wilkinson*, 10th Dist. Franklin No. 17AP-231, 2017-Ohio-8505, ¶ 14. *See State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 127 ("As a general matter, trial 'counsel has a duty to make reasonable investigations * * *.'"), quoting *State v. Bradley*, 42 Ohio St.3d 136, 146, 538 N.E.2d 373, 383 (1989). *See also Merkosky v. Wilson*, 11th Dist. Lake No. 2008-L-017, 2008-Ohio-3252, ¶ 6.

*Legal Analysis*

{¶11} In his Civ.R. 12(C) motion, Zaner's basic contention was that Guilford's complaint contained "no facts to support any breach of duty * * *." (Doc. 11). He noted that "[e]ach of Plaintiff's alleged breaches of duty relate[d] to his allegation that Zaner failed to obtain potentially exculpatory information * * *."

(Doc. 15). Zaner argued that, "[u]nder *Brady v. Maryland*, the duty to disclose potentially exculpatory evidence rested with the prosecutor." (Doc. 11), citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 1197-1198, 10 L.Ed.2d 215 (1963). Thus, he asserts that he "had no duty to pursue the evidence" identified by Guilford in his complaint as "this duty rest[ed] solely with the prosecutor * * *." (Doc. 11).

{¶12} However, we find this argument to be unpersuasive. Regardless of what duties *Brady* imposed upon the prosecutor, defense counsel still had a duty to be reasonably diligent in investigating the facts and evidence in Guilford's case. Thus, contrary to his assertions, Zaner did have a legal duty under the law that could be breached with respect to his handling of the evidence in Guilford's case. In his complaint, Guilford alleged that Zaner breached this duty and alleged facts related to this purported breach. Thus, considering the allegations as true as required by the standard for Civ.R. 12(C) motions, Guilford has set forth what is necessary to raise legal malpractice claims in his complaint.

{¶13} In conclusion, having examined all of the material allegations in the complaint, we cannot conclude, beyond doubt, that Guilford could prove no set of facts in support of his claim that would entitle him to relief. We specifically do not rule as to whether his claims will ultimately prove to have merit. However, his complaint can withstand the challenge brought pursuant to Civ.R. 12(C). Thus, the trial court erred in granting judgment on the pleadings in this case. Accordingly, Guilford's sole assignment of error is sustained.

*Conclusion*

**{¶14}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is reversed. This cause of action is remanded to the trial court for further proceedings that are consistent with this opinion.

***Judgment Reversed***
***And Cause Remanded***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**