**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, **Slip Opinion No. 2021-Ohio-4096.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4096

MATERNAL GRANDMOTHER, ADMR., APPELLANT,

*v.*

HAMILTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES ET AL.,

APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, Slip Opinion No. 2021-Ohio-4096.]**

*Civil law—Civ.R. 12(C)—R.C. 2744.03(A)(6)(b)—Immunity for employees of political subdivision—When complaint invokes exception to government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and plaintiff may not be held to heightened pleading standard—Court of appeals' judgment reversed in part and cause remanded to trial court.*

(No. 2020-0705—Submitted April 28, 2021—Decided November 23, 2021.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-180662, 2020-Ohio-1580.

_____

**FISCHER, J.**

**{¶ 1}** In this case, we are asked to decide whether claims invoking the exception under R.C. 2744.03(A)(6)(b) to the immunity afforded to employees of a political subdivision are subject to a heightened pleading standard. For the reasons that follow, we hold that they are not. Instead, we conclude that such claims are subject to Ohio's regular notice-pleading rules, and we reverse in part the judgment of the First District Court of Appeals.

## I. BACKGROUND

**{¶ 2}** G.B. died when she was just two years old. According to her maternal grandmother, appellant, Desena Bradley, G.B. was living with cruel, violent, and abusive parents at the time.

**{¶ 3}** As a result of this tragic—and perhaps preventable—incident, Bradley filed suit against appellees, Hamilton County, the county's commissioners, the Hamilton County Department of Job and Family Services ("HCJFS") (collectively the "county defendants"), and the individual HCJFS caseworkers involved in her granddaughter's case.

**{¶ 4}** In response to that complaint, the county defendants and the caseworkers all filed motions for judgment on the pleadings, arguing that they were statutorily immune from such lawsuits. The trial court agreed with the county defendants and the caseworkers and granted their respective motions, dismissing Bradley's claims with prejudice.

**{¶ 5}** On appeal, the First District affirmed. That decision, however, was not unanimous in all respects. While the panel below agreed that the county defendants were entitled to immunity as a matter of law, 2020-Ohio-1580, 154 N.E.3d 225, ¶ 16; *id.* at ¶ 35 (Crouse, J., concurring in part and dissenting in part), there was a split over whether the claims against the caseworkers could move forward. On that issue, the panel's majority concluded that Bradley's complaint contained unsupported legal conclusions and did not set forth sufficient facts to

show that the caseworkers' conduct amounted to bad faith or willful, wanton, or reckless misconduct, such that it would overcome the presumption of immunity afforded to the caseworkers under R.C. 2744.03(A)(6). *Id.* at ¶ 29-33. In her partial dissent, Judge Crouse disagreed with the other members of the panel, finding the complaint to be sufficient with respect to the claims against the caseworkers. *Id.* at ¶ 45 (Crouse, J., concurring in part and dissenting in part).

{¶ 6} Following the First District's split decision on the immunity issue, Bradley appealed the First District's judgment to this court and we accepted her appeal for review. *See* 159 Ohio St.3d 1475, 2020-Ohio-4045, 150 N.E.3d 966.

## II. ANALYSIS

{¶ 7} Ohio law generally provides political subdivisions and their employees with immunity from lawsuits and liability. R.C. 2744.02(A)(1) and 2744.03(A)(6). That immunity is not absolute, however. In fact, as relevant here, Ohio law permits plaintiffs to sue and hold liable employees of a political subdivision if the employees' acts or omissions during the course and scope of their employment were wanton or reckless. R.C. 2744.03(A)(6)(b).

{¶ 8} As we have stated before, though, wanton misconduct and reckless conduct are not synonymous with negligence, for which an employee of a political subdivision is immune from liability. *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 23. Wanton misconduct is the "failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Id.* at ¶ 33. Reckless conduct is "the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances." *Id.* at ¶ 34. Wanton misconduct and reckless conduct thus involve "something more than mere negligence." *See O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, paragraph three of the syllabus.

**{¶ 9}** The issue here is whether that requirement—that "something more" than negligence be proved—results in a heightened pleading standard in a case involving R.C. 2744.03(A)(6)(b)'s exception to immunity for wanton or reckless behavior.  We hold that it does not.

**{¶ 10}** Ohio is a notice-pleading state.  *Wells Fargo Bank N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 13.  This means that outside of a few specific circumstances, such as claims involving fraud or mistake, *see* Civ.R. 9(B), a party will not be expected to plead a claim with particularity.  Rather, "a short and plain statement of the claim" will typically do.  Civ.R. 8(A).

**{¶ 11}** In this context, i.e., a case in which an employee's allegedly wanton or reckless behavior is at issue, these general pleading rules still apply.  *See* Civ.R 9(B) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").  Accordingly, we hold that when a complaint invokes the exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard or expected to plead the factual circumstances surrounding an allegation of wanton or reckless behavior with particularity.  *Accord Parmertor v. Chardon Local Schools*, 2016-Ohio-761, 47 N.E.3d 942, ¶ 49-51 (11th Dist.); *Thompson v. Buckeye Joint Vocational School Dist.*, 2016-Ohio-2804, 55 N.E.3d 1, ¶ 31 (5th Dist.); *see also York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991).

**{¶ 12}** With that in mind, we must now address whether Bradley's complaint against the caseworkers involved in her granddaughter's case was sufficient to survive a motion for judgment on the pleadings.

**{¶ 13}** Our review of a lower court's decision granting judgment on the pleadings under Civ.R.12(C) is de novo.  *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8.  "Dismissal is appropriate under Civ.R. 12(C) when (1) the

4

court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 14} In her complaint, which asserts claims for wrongful death and survivorship, Bradley alleges that the caseworkers involved in G.B.'s case performed their duties in a wanton or reckless manner. She also alleges that the caseworkers ignored G.B.'s mother's history of abusing her other children, failed to properly investigate a report of neglect or abuse of G.B. from the doctors and staff at Cincinnati Children's Hospital Medical Center, and overlooked what were or should have been clear signs of abuse during a home visit that occurred less than a month before G.B.'s death. In other words, Bradley's complaint essentially alleges that the caseworkers disregarded or were indifferent to a known or obvious risk of harm to G.B. that was unreasonable under the circumstances. *See Anderson*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, at ¶ 34.

{¶ 15} Consequently, while Bradley's complaint could perhaps have been more clearly written, we conclude that it did all that was required at the pleading stage by putting the caseworkers on notice of the claims against them and raising the possibility that the exception to their statutory immunity under R.C. 27044.03(A)(6)(b) might apply. Given that determination and our inability to say at this juncture that there is no set of facts that would entitle Bradley to relief after taking the material allegations in her complaint as true, *see Reister* at ¶ 17, judgment on the pleadings was inappropriate and the case against the caseworkers should proceed on remand.

{¶ 16} On remand, of course, nothing in this decision should be construed as passing judgment on the merits of this case. In order to prevail, Bradley will still

need to prove her claims and demonstrate that the caseworkers' conduct really was wanton or reckless. *See, e.g.*, *O'Toole*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, at ¶ 75; *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994). Our decision today simply clarifies that Ohio law does not put Bradley or similar plaintiffs to that burden at the pleading stage. *York*, 60 Ohio St.3d at 144-145, 573 N.E.2d 1063 ("a plaintiff is not required to prove his or her case at the pleading stage").

### III. CONCLUSION

{¶ 17} For the reasons stated above, we hold that when a complaint invokes an exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard. Because the complaint in this case meets the applicable notice-pleading standard, we reverse the First District's judgment in part and remand this matter to the trial court for further proceedings.

Judgment reversed in part
and cause remanded.

O'CONNOR, C.J., and DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE, J., concurs in judgment only, with an opinion joined by KENNEDY, J.

––––––––––––––––––

**DEWINE, J., concurring in judgment only.**

{¶ 18} I agree with the majority that under Ohio's notice-pleading standard, the complaint contains sufficient allegations to survive a motion for judgment on the pleadings. I write separately to offer a more complete discussion of Ohio's pleading standard.

#### *The Question Before Us*

{¶ 19} The majority frames the issue before us as whether claims invoking the statutory exception "to the immunity afforded to employees of a political

subdivision are subject to a heightened pleading standard?" Majority opinion at ¶ 1. But this is something of a straw man. The First District Court of Appeals did not apply a heightened pleading standard. *See* 2020-Ohio-1580, 154 N.E.3d 225, ¶ 11. And the caseworkers who are defendants in this action have always asserted that they are entitled to judgment in their favor based on Ohio's notice-pleading standard. The idea of a heightened pleading standard arises only because the plaintiff, in seeking review by this court, presented a proposition of law suggesting that the court of appeals erred by applying a heightened pleading standard.

{¶ 20} Because the court of appeals did not apply a heightened pleading standard, and because no one advocated for one below, the issue of a heightened pleading standard is not before us. The question we must answer is whether the court of appeals erred in concluding that under Ohio's existing pleading standard, Desena Bradley failed to state a claim against the caseworkers.

### Ohio's Notice-Pleading Standard

{¶ 21} Civ.R. 8(A) requires a complaint to contain "a short and plain statement of the claim showing that the party is entitled to relief." Typically referred to as "notice pleading," this standard does not require a plaintiff to prove her case at the pleading stage, but merely requires factual allegations that if proved would entitle the plaintiff to relief. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). In applying this standard, we credit all factual allegations in the complaint and give the nonmoving party all reasonable inferences. *See Sherman v. Ohio Pub. Emps. Retirement Sys.*, 163 Ohio St.3d 258, 2020-Ohio-4960, 169 N.E.3d 602, ¶ 17.

{¶ 22} We "incorporate[d]" the notice-pleading standard from the Federal Rules of Civil Procedure as our own. *See York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). We have often recited that standard by quoting the United States Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957): to dismiss a complaint at the pleading

stage, it must appear " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *York* at 144, quoting *Conley* at 45. The majority employs that formulation today.

{¶ 23} Although the "no set of facts" language is often parroted, it has not been strictly applied by this court or other courts in this state. Such a formulation is in tension with Civ.R. 8's requirement of a statement "showing that the party is entitled to relief." Indeed, if "no set of facts" were truly the standard, even the most cursory complaint could survive dismissal.

{¶ 24} Imagine a complaint that reads simply: "Jones committed a tort against plaintiff." Certainly *some* "set of facts" could establish this bare claim as actionable, but such a claim would not provide notice to the defendant and would surely be subject to dismissal. For this reason, this court has often sanctioned dismissal of a complaint in circumstances in which one would be hard-pressed to call it "beyond doubt" that the plaintiff could not ultimately establish facts to make a colorable claim. *See, e.g.*, *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, ¶ 16, 29 (affirming the dismissal of a wrongful-death claim because the complaint failed to allege sufficient facts establishing the defendant's awareness of likely harm).

{¶ 25} Over a decade ago, the United States Supreme Court recognized that this "no set of facts" standard was being routinely misapplied. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the court explained, under a "literal" reading, the "no set of facts" formulation would allow "a wholly conclusory statement [to survive dismissal] whenever the pleadings left open the possibility" that a plaintiff might discover something supporting recovery. *Id.* at 561. For this reason, "a good many judges and commentators" had balked at applying the literal terms of the passage. *Id.* at 562-563 (citing cases and commentaries).

8

{¶ 26} The *Twombly* court explained that the conventional understanding of the "no set of facts" standard took the language in *Conley* out of context. *Twombly* at 562-563. It was more appropriate to understand that language "in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief." *Id.* Nonetheless, "after puzzling the [legal] profession for 50 years," the Court concluded that the phrase had "been questioned, criticized and explained away long enough." *Id.* Having "earned its retirement," the *Conley* phrase was discarded by the United States Supreme Court. *Twombly* at 563. We should consign the phrase to a similar fate in Ohio jurisprudence.

{¶ 27} In addition to explaining that the "no set of facts" formulation had been misunderstood, the *Twombly* court discussed the appropriate standard for reviewing the sufficiency of a complaint. A complaint does not "need detailed factual allegations," but there must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, to survive a motion to dismiss, a plaintiff need not engage in "heightened fact pleading of specifics, but [must supply] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility," the court later elaborated, "when the plaintiff pleads factual content" that presents "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

{¶ 28} In the years since *Twombly* and *Iqbal* were decided, this court has never addressed the question whether we should apply a similar plausibility standard for complaints. There are good reasons that we might want to do so, but because this case does not squarely present the issue, our consideration must await another day.

{¶ 29} Although we have not explicitly addressed *Twombly* and *Iqbal*, we have long followed the principle articulated in those cases that labels and bare legal conclusions in a complaint are insufficient. We have made clear that unsupported legal conclusions are not entitled to any presumption of truth and are not sufficient to survive a motion to dismiss. *See, e.g.*, *Schulman v. Cleveland*, 30 Ohio St.2d 196, 198, 283 N.E.2d 175 (1972); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988); *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989); *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 39. Similarly, Ohio courts have made clear that mere speculation, unsupported by operative facts, is not enough to state a claim. *See, e.g.*, *Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 45 ("we have never construed Civ.R. 12(B)(6) as permitting either speculation or complaints that are devoid of factual allegations supporting the legal claims").

{¶ 30} I now turn to the application of Ohio's pleading standard to Bradley's complaint.

### *Bradley's Complaint Alleges Sufficient Facts to State a Claim*

{¶ 31} Under Ohio's notice-pleading standard, Bradley needed to allege sufficient facts that if taken as true, and with all reasonable inferences in her favor, would allow for recovery. Because the caseworkers could be held liable only if their conduct was wanton or reckless, Bradley had to present factual allegations supporting at least an inference of recklessness. *See* R.C. 2744.03(A)(6)(b).

{¶ 32} Much of Bradley's complaint consisted of bare legal conclusions. For example, Bradley asserted that the caseworkers "breached their duty to protect" G.B. "from harm and to act in her best interest." Similarly, Bradley alleged that the caseworkers "engaged in reckless misconduct, willful misconduct and wanton misconduct, which resulted in the death of the infant child." She also asserted that in December 2013 the Hamilton County Department of Job and Family Services

ended protective supervision of G.B. and that "these actions were done in bad faith, in a wanton and willful manner, and resulted in the deprivation of the civil rights of the infant, * * * and ultimately in her wrongful death." Allegations of this sort, which are mere legal conclusions, do not suffice. *See Schulman*, 30 Ohio St.2d at 198, 283 N.E.2d 175.

{¶ 33} But I find one aspect of Bradley's amended complaint that passes muster. Bradley alleges the following facts: that G.B. was admitted to the hospital in December 2014 with significant indicia of abuse, including severe undernourishment and a host of other problems, and that the caseworkers were notified of the possible abuse and called to the hospital to meet with G.B.'s parents. "Allegedly," the department of job and family services made a follow-up visit to G.B.'s home on March 4, 2015, and found that everything was fine and that G.B. was healthy and happy. Three weeks later, the two-year-old girl was found dead. The coroner's report identified over 100 injuries, including a hand-stitched gash on G.B.'s forehead and other abrasions. The two-year-old girl weighed only 13 pounds when she died. According to the coroner, the cause of death was "Battered Child Syndrome with Acute Chronic Intercranial Hemorrhages and Starvation," and the onset of the injuries was "months" before. The coroner opined that G.B. had been abused "her entire pathetic, pathetically short life."

{¶ 34} Drawing reasonable inferences in favor of Bradley and accepting her pleaded facts as true, these allegations are sufficient to state a claim for relief. If G.B.'s injuries at the time of her death were as pervasive and severe as alleged, one can draw an inference that the injuries should have been noticeable to the caseworkers at the home-visit three weeks earlier. And if the injuries would have been evident, the most reasonable inferences are either (1) that no home-visit was conducted or (2) that the home-visit was inadequate. Given the caseworkers' awareness of the prior abuse, and with the benefit of discovery, Bradley might be able to establish that the caseworkers were reckless in failing to adequately

investigate G.B.'s situation after she was discharged from the hospital. (Of course, it is the factfinder's province to assess the merits of Bradley's cause of action, and nothing said here should be taken as commentary on whether Bradley will ultimately be able to prove her claim.)

{¶ 35} For the reasons that I have explained, I concur only in the majority's judgment reversing the judgment of the First District Court of Appeals.

KENNEDY, J., concurs in the foregoing opinion.

_____

Rachel S. Bloomekatz; and Robinson Law Firm, L.L.C., and Emmett E. Robinson, for appellant, individually and as the administrator of the estate of G.B., a deceased minor.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Pamela J. Sears and Michael G. Florez, Assistant Prosecuting Attorneys, for appellee Lumadi Lavusa.

Laufman & Napolitano, L.L.C., and Paul M. Laufman; and Michael L. Tranter, for appellee Shamara Stephens, a.k.a. Shamara Hooks-Ware.

Stephen J. Wenke, for appellee Kassie Setty.

The Gittes Law Group and Jeffrey P. Vardaro; and Marcia Lowry, Allison Mahoney, and Tavi Unger, urging reversal for amicus curiae A Better Childhood.

Kimberly Payne Jordan, urging reversal for amicus curiae Justice for Children Clinic.

_____