[Cite as *Lewis v. Ayersville Local School Dist.*, 2023-Ohio-3685.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

TRISTAN LEWIS, ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 4-23-03

    v.

AYERSVILLE LOCAL SCHOOL          O P I N I O N
DIST., ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Defiance County Common Pleas Court
Trial Court No. 21-CV-45398

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: October 10, 2023

APPEARANCES:

    *Bradley G. Olson, Jr.* for Appellants

    *Brian L. Wildermuth and Tabitha Justice* for Appellees

Case No. 4-23-03

**WALDICK, J.**

{¶1} This appeal, having originally been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiffs-appellants, Tristan Lewis, Ken Lewis, and Cannina Lewis ("the Lewises"), appeal the February 17, 2023 judgment of the Defiance County Court of Common Pleas dismissing their complaint against defendants-appellees Ayersville Local School District (the "school district") and Daniel Mix, a teacher and coach with the school district. On appeal, the Lewises argue that the trial court erred in granting the Civ.R. 12(B)(6) motion to dismiss filed by the school district and Mix pursuant to the political subdivision immunity statutes in R.C. Chapter 2744. For the reasons set forth below, we affirm in part and reverse in part.

*Procedural History*

{¶3} This case originated on April 19, 2021, when Tristan Lewis, Tristan's father, Ken Lewis, and Ken's wife, Cannina Lewis, filed a complaint in the trial court against the Ayersville school district, Ayersville teacher and coach Daniel Mix, and Jamison Clark, a former student in the school district, as well as the unidentified parents and guardians of Jamison Clark.[1]

---

[1] The Lewises' claims against Jamison Clark and his parents are not at issue in this appeal.

{¶4} The complaint alleged that on May 1, 2016, Tristan Lewis was an eighth-grade student in the Ayersville Local School District and a member of the school's track and field team. On that date, Tristan and other student athletes were warming up prior to a track meet at the Ayersville High School. The complaint alleged that Mix, the track and field coach, was not present and, in Mix's absence but at his direction, certain team members had formed a line and were practicing for the shotput competition by taking turns throwing a shot into a designated area. The complaint alleged that Tristan Lewis took his turn and was retrieving his shot from where it had landed in the designated field when his teammate Jamison Clark threw his own shot, which struck Tristan in the head and caused serious injuries. The complaint alleged several different causes of action against the school district, Mix, and Clark.

{¶5} On June 15, 2021, the school district and Mix filed a motion pursuant to Civ.R. 12(B)(6), seeking to dismiss the complaint against them on the basis of immunity under R.C. Chapter 2744. On July 26, 2021, the Lewises filed a response opposing the motion to dismiss. On that same date, the school district and Mix filed a reply in support of the motion to dismiss.

{¶6} On February 17, 2023, the trial court filed a detailed judgment entry granting the motion to dismiss as to both the school district and Mix.

{¶7} On March 17, 2023, the Lewises filed this appeal, in which they raise two assignments of error.

**First Assignment of Error**

**The trial court committed reversible error by granting Defendant-Appellee Ayersville Local School District the benefits of statutory immunity under R.C. Chapter 2744.**

**Second Assignment of Error**

**The trial court committed reversible error by granting Defendant-Appellee Daniel Mix the benefits of statutory immunity under R.C. Chapter 2744.**

*Standard of Review*

{¶8} Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "On review, '[t]he allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.'" *Faber v. Seneca Cty. Sheriff's Dept.*, 3d Dist. Seneca No. 13-17-29, 2018-Ohio-786, ¶ 7, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶9} Additionally, "[w]hether a party is entitled to immunity is a question of law properly determined by the court prior to trial * * *." *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, ¶ 12, citing *Conley v. Shearer*, 64 Ohio St.3d 284,

292, 595 N.E.2d 862 (1992). Thus, appellate courts also conduct a de novo review of a trial court's determination regarding political-subdivision immunity. *Pelletier*, at ¶ 13.

*Civ.R. 12(B)(6)*

Civ.R. 12(B) provides, in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]

{¶10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). For a trial court to dismiss a complaint on that basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶11} If there is a set of facts consistent with the plaintiff's complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). In considering a Civ.R. 12(B)(6) motion to dismiss, the court's review is limited to the four corners of the complaint. *State ex rel. New Riegel Local School Dist. Bd. of*

*Educ. v. Ohio School Facilities Comm.*, 3d Dist. Seneca No. 13-16-22, 2017-Ohio-875, ¶ 10. Finally, the affirmative defense of immunity under R.C. Chapter 2744 may be the basis of a dismissal pursuant to Civ.R. 12(B)(6). *Main v. Lima*, 3d Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 15.

*R.C. Chapter 2744 – Sovereign Immunity Framework*

**{¶12}** "The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, governs political subdivision liability and immunity." *Oliver v. City of Marysville*, 3d Dist. Union No. 14-18-01, 2018-Ohio-1986, ¶ 24.

**{¶13}** As this Court explained in *Martin v. Village of Payne*, 3d Dist. Paulding No. 11-20-05, 2021-Ohio-1557, at ¶ 38:

> A claim of sovereign immunity by a political subdivision requires the three-tiered analysis provided in R.C. Chapter 2744. *Baker v. Wayne Cty.*, 147 Ohio St.3d 51, 2016-Ohio-1566, ¶ 11, citing *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.,* 118 Ohio St.3d 392, 2008-Ohio-2567, ¶ 16. Under the first tier of the analysis, a political subdivision has immunity for any act or omission of the political subdivision, or its employees, that was conducted in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). The second tier of the analysis examines whether any of the five exceptions to the general grant of immunity apply that are listed in R.C. 2744.02(B). *Rankin* at ¶ 18. If an exception does apply, the third tier of the analysis considers whether sovereign immunity can be reinstated by one of the statutorily listed defenses, such as the discretionary defenses set forth in R.C. 2744.03(A)(3) and (5). *Rankin* at ¶ 27.

**{¶14}** "Immunity is also extended to individual employees of political subdivisions." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 10.

However, the three-tiered analysis described above is not used when analyzing claims against individual employees. *Id.* "Rather, pursuant to R.C. 2744.03(A)(6), an employee is immune from liability unless '(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code.'" *Conley v. Wapakoneta City School District Bd. of Educ.*, 3d Dist. Auglaize No. 2-21-18, 2022-Ohio-2915, ¶ 28, quoting R.C. 2744.03(A)(6). "For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties. *Lambert*, *supra*, at ¶ 10.

### *First Assignment of Error*

{¶15} In the first assignment of error, the Lewises assert that the trial court erred in finding that the Ayersville Local School District was entitled to a grant of immunity and in dismissing the complaint against the school district.

{¶16} The parties agree that the school district is a political subdivision generally immune from liability. The dispute on appeal actually lies in the second tier of the statutory analysis and focuses on whether an exception to the school district's immunity is applicable.

{¶17} As an initial matter, it is important to note that once a political subdivision establishes general immunity, the burden shifts to the plaintiff to show that an exception to immunity applies. *Martin v. Payne*, 3d Dist. Paulding No. 11-20-05, 2021-Ohio-1557, ¶ 40, citing *Slane v. Hilliard*, 10th Dist. Franklin No. 15AP-493, 2016-Ohio-306, ¶ 31.

{¶18} In the instant case, the Lewises contend on appeal that the "physical defect" exception found in R.C. 2744.02(B)(4) should apply.

{¶19} R.C. 2744.02(B)(4) provides, in relevant part, that:

> [P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶20} The term "physical defect" is not defined in R.C. Chapter 2744. In Ohio's courts of appeals, the "prevailing authority" has defined the term "physical defect" in the context of R.C. 2744.02(B)(4) to mean "'a perceivable imperfection that diminishes the worth or utility of the object at issue.'" *Shaw v. Washington Ct. House City Sch. Bd. of Educ.*, 12th Dist. Fayette No. CA2022-04-004, 2022-Ohio-4226, ¶ 19, quoting *Nicholas v. Lake Cty.*, 11th Dist. Lake No. 2012-L-140, 2013-Ohio-4294, ¶ 23. Cases addressing the "physical defect" exception set forth in R.C. 2744.02(B)(4) have typically involved physical defects as part of the structure of

buildings and the maintenance of those structures. *Conley v. Wapakoneta City School Dist. Bd. of Edn.*, 3d Dist. Auglaize No. 2-21-18, 2022-Ohio-2915, ¶ 44.

**{¶21}** However, in *Doe v. Greenville City Schools*, __ Ohio St.3d __, 2022-Ohio-4618, *reconsideration denied*, 169 Ohio St.3d 1467, 2023-Ohio-773, the Supreme Court of Ohio recently addressed the issue of whether the absence of a device or the lack of a piece of safety equipment that was not a fixture could constitute a "physical defect" supporting the R.C. 2944.02(B)(4) immunity exception.[2] In *Doe*, the plaintiffs were students who had been severely burned when a bottle of isopropyl alcohol caught fire and exploded in a Greenville City Schools science classroom. *Id.* at ¶ 2. In the complaint that was subsequently filed against the school, "the students alleged in part that Greenville failed to provide proper safety equipment, 'especially, but not limited to, a fire extinguisher inside the classroom[.]'" *Id.*

**{¶22}** In *Doe*, the Ohio Supreme Court first noted in its plurality opinion that some Ohio courts have held that the lack of a safety feature could be a "physical defect", where other courts in the state have held that the lack of a safety feature does not constitute such a defect. *Id.*, at ¶ 24-26. The Supreme Court found that, on review of the cases addressing the issue, "we agree with the courts that have held

---

[2]Whether *Doe* is actually binding precedent is subject to question. See, *e.g.*, *State v. Brasher*, __ Ohio St.3d __, 2022-Ohio-4703, ¶ 18. In *Doe*, only three justices concurred in the lead opinion, a fourth concurred in judgment only, and three justices dissented. Nevertheless, until the Supreme Court of Ohio provides further guidance on the issue presented in *Doe*, we opt to treat *Doe* as highly persuasive, if not binding, authority.

that the lack of safety equipment or other safety features could amount to a physical defect." *Id.*, at ¶ 27. The Court then specifically held in the plurality opinion that "the absence of a fire extinguisher or other safety equipment within a science classroom could be a physical defect such that an exception to immunity could exist under R.C. 2744.02(B)(4)", noting that "[i]n this case, the [plaintiffs] have alleged that their injuries were caused by the negligent supervision of the science teacher and the lack of a fire extinguisher and other safety equipment in the classroom." *Id.*, ¶ 27-28.

{¶23} In the case *sub judice*, the Lewises urge that their complaint set forth sufficient facts that, if proven, establish the school district is not entitled to immunity due to a physical defect on school grounds, combined with employee negligence, having contributed to Tristan Lewis's injuries. We disagree.

{¶24} Our thorough review of the complaint in this case reflects no factual allegations whatsoever in support of a theory that some aspect of the school premises was *physically* defective so as to fall within the exception listed in R.C. 2744.02(B)(4).[3] No mention of the existence of a physical defect, or facts suggesting the same, appear anywhere in the complaint. Unlike the complaint in *Doe v. Greenville City Schools*, *supra*, here there is no allegation that some lack of safety equipment or devices on the school premises rendered the premises unsafe.

---

[3] Although the allegations contained in the complaint may have been sufficient to withstand a Civ.R. 12(B)(6) challenge under the prior version of R.C. 2744.02(B)(4), under current law they are not.

To the contrary, the sole focus of the complaint against the school district here is the alleged failure of Mix to supervise the track team at practice, combined with the lack of safety rules, protocols, and precautions for the athletes to follow. Alleging that there existed a lack of "safety precautions and measures" to be "followed by [the] student-athletes" simply does not equate to an allegation that a physical defect was present on the school premises.

{¶25} Therefore, the trial court did not err in granting the school district's motion to dismiss pursuant to Civ.R. 12(B)(6) as the Lewises' complaint fails to allege any set of facts under which the Lewises might plausibly demonstrate that the R.C. 2944.02(B)(4) exception to immunity is applicable here.

{¶26} In the first assignment of error, the Lewises alternatively argue that, even if there were insufficient factual averments in the complaint regarding a physical defect, the trial court erred in failing to permit the Lewises to amend their complaint.

{¶27} Civ.R. 15(A) provides:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ. R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time

remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

{¶28} In the instant case, however, the record is devoid of any indication that the Lewises ever sought to amend their complaint, much less that the trial court deprived them of a right to do so. A reviewing court need not consider any claim that error was committed by a lower court if that claim was not preserved by objection, ruling, or otherwise in that court. *Loyal Order of Moose Lodge No. 1473, Celina v. Liquor Control Comm.*, 95 Ohio App.3d 109, 114, 641 N.E.2d 1182, 1185 (1994). Critically, the Lewises have waived this alternative claim of error by not seeking to amend their complaint in the trial court.

{¶29} The first assignment of error is overruled.

*Second Assignment of Error*

{¶30} In the second assignment of error, the Lewises assert that the trial court erred in finding that Coach Mix was entitled to a grant of immunity and in dismissing the complaint against him.

{¶31} As set forth above, Mix individually is entitled to immunity as an employee of a political subdivision pursuant to R.C. 2744.03(A)(6) unless his actions or omissions were manifestly outside the scope of his employment or official responsibilities; his actions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or civil liability is expressly imposed upon him by a section of the Revised Code.

**{¶32}** On appeal, the Lewises contend that, to the extent necessary to withstand dismissal pursuant to Civ.R. 12(B)(6), their complaint sufficiently alleged that Mix's acts or omissions were willful, wanton or reckless. This Court agrees.

**{¶33}** "The Supreme Court of Ohio has defined all of the requisite operative terms—willful, wanton, and reckless—finding that they describe different and distinct degrees of care and are not interchangeable." *Riehm v. Green Springs Rural Volunteer Fire Dept.*, 3d Dist. Seneca No. 13-18-15, 2018-Ohio-4075, ¶ 42.

**{¶34}** "Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph two of the syllabus.

**{¶35}** "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result." *Id.* at paragraph three of the syllabus.

**{¶36}** "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus.

**{¶37}** In the instant case, the complaint alleges in relevant part that Mix, a teacher within the Ayersville School District, also served as the track and field coach for the eighth-grade students; that Mix was supposed to be present to monitor the warmup exercises and drills prior to track meets; that Mix often failed to appear for that duty and, instead, recklessly delegated the duty to upperclassmen, who were not qualified to handle the same; and that, at the time in question here, Mix failed to appear for the warmup drills prior to the track meet, and therefore knowingly and recklessly ignored his duties and obligations as a coach by leaving the student-athletes unsupervised while they were engaging in an inherently dangerous activity.

**{¶38}** As the Supreme Court of Ohio explained in *Maternal Grandmother v. Hamilton Cty. Dept. of Job and Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, at ¶ 10, Ohio is a notice-pleading state, meaning "that outside of a few specific circumstances, such as claims involving fraud or mistake * * *, a party will not be expected to plead a claim with particularity." "Rather, 'a short and plain statement of the claim' will typically do." *Id.*, quoting Civ.R. 8(A).

**{¶39}** In the instant case, while the Lewises' complaint could have perhaps been more developed as to the facts alleged in support of the claims against Mix, we find that, similar to the findings made by the Ohio Supreme Court in *Maternal Grandmother, supra,* the Lewises' complaint nonetheless met the requirements of putting Mix on notice of the claims against him and raising the possibility that the

exception to his statutory immunity might apply. Given that determination and this Court's inability to say at this juncture in the proceedings that there is no set of facts that would entitle the Lewises to relief after taking the material allegations in the complaint as true, we conclude that the trial court erred in dismissing the complaint against Mix pursuant to Civ.R. 12(B)(6).

**{¶40}** The second assignment of error is sustained on that basis.

**{¶41}** Having found error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is affirmed in part and reversed in part.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**MILLER, P.J., and ZIMMERMAN, J. concur.**

**/jlr**