[Cite as *Huber v. Baertschi*, 2024-Ohio-867.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | SIXTH JUDICIAL DISTRICT |
| COUNTY OF LUCAS | ) | | |

| | | |
|---|---|---|
| KNUTE HUBER | | C.A. No.    L-23-1137 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TONI BAERTSCHI, et al. | | COURT OF COMMON PLEAS COUNTY OF LUCAS, OHIO |
| Appellants | | CASE No.    CI22-4633 |

DECISION AND JOURNAL ENTRY

Dated: March 8, 2024

HENSAL, Judge.

{¶1}   Toni Baertschi, Terra Boudreaux, and Noelle Trumbull appeal a judgment of the Lucas County Court of Common Pleas that granted in part and denied in part their motion for judgment on the pleadings. For the following reasons, this Court affirms.

I.

{¶2}   Malcolm Fisher murdered Johanna Crawford in her home. Shortly before it occurred, a relative of Mr. Fisher called 911 to inform the police that Mr. Fisher was on his way to Ms. Crawford's house to kill her. Ms. Boudreaux and Ms. Trumbull were fielding 911 calls at the time, and Ms. Baertschi was their supervisor. The 911 office was operated by the Lucas County Regional Council of Governments.

{¶3}   Ms. Boudreaux received the relative's first call at 10:38 p.m. The relative was not able to provide a precise address for Ms. Crawford, stating the non-existent address of 3110 Hazelton Drive in the city of Oregon. Ms. Boudreaux placed him on hold while she consulted

with Ms. Baertschi and then obtained his phone number so they could call him back. When Ms. Baertschi attempted to call the relative back, she could not reach him.

{¶4} Ms. Trumbull received a second call from the relative at 10:43 p.m. He indicated that the address was 1365 Hazelhurst, which is in the city of Toledo. Ms. Baertschi took over the call and obtained Mr. Fisher's phone number, which she called 10 times over the course of a few minutes to no avail. Meanwhile, at 10:44 p.m. Ms. Bourdeaux received a hang-up call from 3165 Hazelton in Oregon. A different 911 operator received a second hang-up call from 3165 Hazelton at 10:45 p.m. and entered it into the dispatch system at 10:46 p.m. Ms. Bourdeaux also entered her hang-up call into the system at 10:46 p.m. At 10:47 p.m., police were dispatched to 3165 Hazelton. After hearing gunshots, Ms. Crawford's neighbor called 911 at 10:48 p.m. Officers arrived at 10:50 p.m. and found Ms. Crawford dead.

{¶5} The executor of Ms. Crawford's estate, Knute Huber, filed a wrongful death action against Ms. Baertschi, Ms. Bourdeaux, and Ms. Trumbull (collectively "the employees"), alleging they should have notified the police sooner. He also sued the 911 office for vicarious liability. The defendants moved for judgment on the pleadings, arguing that they are immune from liability under Revised Code Sections 128.32, 2744.02 and 2744.03. The trial court granted judgment on the pleadings to the 911 office, concluding it is immune under Section 2744.02. It denied judgment on the pleadings to the individual employees, however, concluding they were not entitled to immunity at this stage of the proceedings. The employees have appealed, assigning as error that the trial court incorrectly denied them judgment on the pleadings.

II.

ASSIGNMENT OF ERROR

THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED THE INDIVIDUAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.

**{¶6}** The employees argue that the trial court incorrectly denied their motion under Civil Rule 12(C). That rule provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In ruling on a Civ.R. 12(C) motion, a court may consider both the complaint and the answer, as well as any material attached as exhibits to those pleadings." *Valentine v. Hood*, 6th Dist. Lucas No. L-23-1046, 2023-Ohio-2250, ¶ 12. "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17. Review of the trial court's judgment is de novo. *Id.*

**{¶7}** Section 2744.03(A) provides a list of "defenses or immunities" that "may be asserted to establish nonliability" "[i]n a civil action brought against * * * an employee of a political subdivision[.]" Section 2744.03(A)(6) provides that, in addition to other immunities or defense, an "employee is immune from liability unless one" of three conditions applies. The first is if "[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities[.]" R.C. 2744.03(A)(6)(a). The second is if "[t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" R.C. 2744.03(A)(6)(b). The third is if "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6)(c). In addition, at the time of

the attack, Section 128.32(B) provided that an individual who gives emergency instructions through a 911 system is not liable unless the issuance of the instructions "constitutes willful or wanton misconduct."

{¶8}    Mr. Huber alleged in his complaint that Ms. Crawford called 911 the day before her death to report that she had been threatened by Mr. Fisher.  She also contacted the Oregon police department directly and told them about the threat.  The police department disseminated the information to its officers and noted Ms. Crawford's request for additional patrols of 3165 Hazelton.  Mr. Huber alleged that, if the employees had relayed the information they received to police when they received it, officers could have used their knowledge about the situation to respond before it was too late.  He alleged that the operators owed a duty not to act negligently, wantonly, or recklessly, which they breached.  Specifically, he alleged that their failure to follow departmental policies in a life-or-death emergency was reckless and constituted wanton misconduct.

{¶9}    The Ohio Supreme Court has explained that wanton misconduct and reckless conduct involve more than mere negligence.  *Maternal Grandmother v. Hamilton Cty. Dept. of Job and Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, ¶ 8.  "Wanton misconduct is the 'failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result.'"  *Id*., quoting *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 33.  "Reckless conduct is 'the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances.'"  *Id*., quoting *Anderson* at ¶ 34.

{¶10}   According to the complaint, the first 911 call was at 10:38 p.m.  The second call was at 10:43 p.m.  Although the caller did not have a complete address for Ms. Crawford, the 911

office's dispatch system has an override feature that allows notifications to be sent to police even without an exact address. Instead of using the override feature to notify police, Ms. Baertschi called Ms. Crawford's murderer.

{¶11} Upon review of the record, we cannot determine that there is no set of facts that would entitle Mr. Huber to relief. *See Gaither v. Kelleys Island Local Sch. Dist. Bd. of Edn.*, 6th Dist. Erie No. E-22-013, 2023-Ohio-1299, ¶ 35. We, therefore, conclude that the trial court did not err when it denied the motion for judgment on the pleadings as to the wrongful death claim against the employees. The employees' assignment of error is overruled.

III.

{¶12} The employees' assignment of error is overruled. The judgment of the Lucas County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lucas, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

(Carr, J., Hensal, J., and Sutton, J., sitting by assignment.)

APPEARANCES:

JULIA R. BATES, Prosecuting Attorney, and JOHN A. BORELL and KEVIN A. PITUCH, Assistant Prosecuting Attorney, for Appellants.

ANDREW R. MAYLE and BENJAMIN G. PADANILAM, Attorneys at Law, for Appellee.