[Cite as *Mahoney-Offi v. Great Expressions Dental Ctrs.*, 2024-Ohio-5160.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

DEBRA MAHONEY-OFFI,

        Plaintiff-Appellant,

- vs -

GREAT EXPRESSIONS
DENTAL CENTERS,

        Defendant-Appellee.

CASE NO. 2024-L-035

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 000086

## O P I N I O N

Decided: October 28, 2024
Judgment: Reversed

*Kristen M. Kraus,* Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellant).

*Kerri L. Keller*, Lewis Brisbois Bisgaard & Smith, LLP, 1 Gojo Plaza, Suite 310, Akron, OH 44311 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Debra Mahoney-Offi, appeals the dismissal of her Complaint for violation of the Family and Medical Leave Act (FMLA) by defendant-appellee, Great Expressions Dental Centers. For the following reasons, we reverse the judgment of the court below.

{¶2} On January 18, 2024, Mahoney-Offi filed a Complaint against Great Expressions in the Lake County Court of Common Pleas. The Complaint alleged, in relevant part, that Mahoney-Offi was an employee of Great Expressions:

21. In July of 2022, Plaintiff's long-time partner, Brian Offi, was diagnosed with esophageal and stomach cancer.

22. As a direct result of Mr. Offi's illness, Plaintiff began missing time from work to attend Mr. Offi's specialist appointments, emergency room visits and diagnostic procedures.

…

24. Plaintiff regularly communicated her need for time off to attend medical appointments or diagnostic procedures to either Cindy Minchak or Rodica Iancu.

25. Following Mr. Offi's diagnosis, Plaintiff contacted Human Resources to inquire about FMLA leave; however, Plaintiff was informed that she did not qualify for FMLA because she was not married to Mr. Offi.

26. Subsequently, Plaintiff spoke to Ms. Iancu who suggested that Plaintiff get married so that her absences would be covered under the FMLA.

…

30. In November of 2022[,] Plaintiff and Mr. Offi were engaged to be married.

…

32. On December 1, 2022, Plaintiff contacted human resources requesting FMLA paperwork; the eligibility notice and certification were emailed to Plaintiff the same day.

33. Ms. Iancu was also aware of Plaintiff's engagement and that Plaintiff and Mr. Offi were scheduled to be married on December 10, 2022.

34. On December 9, 2022[,] at approximately 7:55 a.m., Plaintiff texted Ms. Iancu asking if she could leave early.

35. Although Plaintiff was initially hoping to get time off to prepare for her wedding the next day, Mr. Offi's condition was quickly worsening and she was hoping she could spend the day with him to comfort him.

2

36. Approximately 30 minutes later, Plaintiff received a call from Ms. Iancu and Dr. Donald Zeleznik.

37. Dr. Zeleznik informed Plaintiff that things "weren't working out" and he was going to terminate her employment.

…

52. Defendant terminated Plaintiff the day before she was scheduled to marry Mr. Offi at which point any absences she incurred caring for Mr. Offi would have been protected under FMLA.

53. Defendant's termination of Plaintiff violates the FMLA and constitutes interference with Plaintiff's asserting her rights under the FMLA in violation of 29 USC §2615(a)(1).

{¶3} On March 21, 2024, Great Expressions filed a Motion to Dismiss Plaintiff's Complaint "for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6)."

{¶4} On April 21, 2024, the trial court granted the Motion to Dismiss.

{¶5} On May 9, 2024, Mahoney-Offi filed a Notice of Appeal. On appeal, she raises the following assignment of error: "The Trial Court erred in granting Appellee's Motion to Dismiss."

{¶6} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). The reviewing court "accept[s] all the factual allegations in the complaint as true." *State ex rel. Duncan v. Mentor*, 2023-Ohio-3115, ¶ 6. "[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. To grant a motion to dismiss, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would

3

entitle the plaintiff to the relief sought." *Id.* The decision to grant a motion to dismiss under Civ.R. 12(B)(6) is reviewed de novo. *Id.*

{¶7} The purpose of the FMLA, inter alia, is "to balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave … for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. 2601(b)(1) and (2). The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]," and "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this [Act]." 29 U.S.C. 2615(a)(1) and (2).

{¶8} "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … [i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. 2612(a)(1)(C). "The term 'spouse' means a husband or wife, as the case may be." 29 U.S.C. 2611(13); 29 C.F.R. 825.122(b) ("[f]or purposes of this definition, husband or wife refers to the other person with whom an individual entered into marriage as defined or recognized under state law for purposes of marriage in the State in which the marriage was entered into"). As defined by the FMLA, "spouse" does not include a fiancé. *Proctor v. Riley Indus., Inc.*, 579 F.Supp.3d 1127, 1131 (D.Ariz. 2022) ("[b]ecause Plaintiff is not a spouse as defined under the FMLA, he is not entitled to FMLA leave to attend his fiancée's prenatal appointments"); *Lukudu v. JBS USA, LLC*, 2014 WL 1048516, *7 (W.D.Ky. 2014) ("[a]lthough Ibrahim has referred to Lukudu at various times

4

Case No. 2024-L-035

as his wife, it is undisputed that the two were not married at the time of Ibrahim's termination").

{¶9} "The United States Court of Appeals for the Sixth Circuit accordingly recognizes two distinct theories for recovery under the FMLA." *Niles v. Natl. Vendor Servs., Inc.*, 2010-Ohio-4610, ¶ 14 (10th Dist.). "The first, known as an entitlement or interference claim, arises when an employee is wrongfully denied a substantive entitlement – for example, the employee is denied leave to which she is entitled." (Citation omitted.) *Crispell v. FCA US, LLC*, 2024 WL 3045224, *5 (6th Cir. 2024). "The second type of claim, generally known as a retaliation or discrimination claim, arises when an employer takes an adverse employment action against the employee for exercising or attempting to exercise a right protected by the FMLA." (Citation omitted.) *Id.*

{¶10} In the present case, Mahoney-Offi's Complaint described her claim as one for "interference" rather than retaliation. On appeal, she argues that Great Expressions' conduct also constitutes retaliation, and, "[h]ad the Trial Court not granted Appellee's Motion to Dismiss, Appellant would have sought leave to amend her complaint to include a claim for retaliation to avoid any confusion." Brief of Plaintiff-Appellant at 5, fn 1. We note that the federal courts have not required actions under the FMLA to be pled with particularity as to whether interference or retaliation claims are being raised. A plaintiff is generally not precluded from arguing either theory under the FMLA where "[a] defendant looking at [the plaintiff's] complaint would be on sufficient notice that she was broadly alleging violations under 29 U.S.C. § 2615, and that her FMLA claim could encompass either the interference theory, the retaliation theory, or both theories." (Citation omitted.)

5

Case No. 2024-L-035

*Morris v. Family Dollar Stores of Ohio, Inc.* 320 Fed.Appx. 330, 335 (6th Cir. 2009); *Crispell* at *5.

{¶11} In order to present a prima facie case of interference, a plaintiff must allege, inter alia, that "she was entitled to leave under the FMLA." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577-578 (6th Cir. 2007). The face of Mahoney-Offi's Complaint demonstrates that, at the time of her termination, she was not entitled to leave under the FMLA inasmuch as she was not married to Offi.

{¶12} "To present a prima facie case of retaliation (or discrimination), [the plaintiff] must show that '(1) [she] availed [herself] of a protected right under the FMLA by notifying [the employer] of [her] intent to take leave, (2), [she] suffered an adverse employment action, and (3) that there was a causal connection between the exercise of [her] rights under the FMLA and the adverse employment action." (Citation omitted.) *Snyder v. U.S. Bank Natl. Assn.*, 2022 WL 17330172, *4 (6th Cir. 2022).

{¶13} Mahoney-Offi argues that she was terminated by attempting to exercise a right under the FMLA but "[t]he Trial Court focused on the fact that Appellant was not entitled to FMLA at the time of her inquiry." Brief of Plaintiff-Appellant at 5. She maintains that "there is no precedent for dismissing an FMLA interference or retaliation claim for an employee because the event triggering the entitlement to FMLA has yet to occur." *Id.* at 4. She relies on the case of *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860 (6th Cir. 2023), "for the proposition that entitlement to leave is not a requirement to bring an FMLA claim." *Id.* at 5.

{¶14} In *Milman*, the plaintiff was terminated by her employer after she stayed home to care for her sick child. She filed suit against her employer under the FMLA,

6

Case No. 2024-L-035

alleging "that she was fired for inquiring about and making a request to take FMLA leave." *Milman* at 867. The district court dismissed the case because she "failed to argue whether she was entitled to leave." *Id.* at 864. "On appeal, Milman argue[d] that the district court erred in concluding that she was required to prove entitlement to FMLA leave to sustain her retaliation claim, where she made a request for unpaid leave but did not actually take any leave." *Id.* at 865.

{¶15} The Sixth Circuit concluded that, by inquiring about possible FMLA leave, Milman was engaged in protected activity under the FMLA regardless of whether she was ultimately entitled to leave. The court explained:

> The FMLA's language … *requires* employees to put their employers on notice of their desire to use their unpaid leave by making a formal request to the employer. 29 U.S.C. § 2612(e). This is the first step in the process contemplated by the FMLA's procedural framework. … Because this process facilitates both employees' access to their statutory right to take unpaid leave *and* employer's ability to assess the validity of an FMLA request, the entirety of the process must be harmonized with the statute's provisions entitling employees to leave. … To do so here, the steps of the process created by the FMLA–including the first step, *i.e.*, the employee's initial request for leave–must be protected activity under the Act. FMLA rights and the statute's purpose would be significantly diminished if employers could fire an employee who simply took the required initial steps to access FMLA leave.

*Id.* at 868-869. *See also Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012) ("because the statute contemplates notice of leave in advance of becoming eligible …, the FMLA regulatory scheme must necessarily protect pre-eligible employees … who put their employers on notice of a post-eligibility leave request").

{¶16} Applied to the present case, these precedents stand for the proposition that inquiry about possible FMLA leave constitutes a protected activity under the FMLA. If

7

Mahoney-Offi is ultimately able to prove that her termination was not the result of her request to leave early on December 9 but in retaliation for her prior inquiry about FMLA leave, then she has stated a viable claim for retaliation under the FMLA. As noted above, in order to dismiss a complaint at the pleading stage, it "must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery." (Citation omitted.) *Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 8; *Maternal Grandmother v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 16 ("a plaintiff is not required to prove his or her case at the pleading stage") (citation omitted). The dismissal of Mahoney-Offi's Complaint in the present case was premature.

{¶17} The sole assignment of error is with merit.

{¶18} For the foregoing reasons, the dismissal of Mahoney-Offi's Complaint is reversed. Costs to be taxed against the appellee.


EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

8